Filed 3/27/13  P. v. Jones CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM JONES,<br><br>     Defendant and Appellant. | B242987<br><br>(Los Angeles County<br>Super. Ct. No. SA078122) |

THE COURT:[*]

Defendant and appellant William Jones (defendant) appeals from his burglary conviction entered upon a guilty plea.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues and requesting a court review of the record.  On October 1, 2012, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered, and we granted an extension of time to November 30, 2012.  That time has elapsed, and defendant has submitted no brief or letter.

---

[*]     BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

Defendant and codefendants, Kajuan Hall (Hall) and Maurice Newton (Newton), were charged with first degree residential burglary in violation of Penal Code section 459.[1] The information alleged that on June 30, 2011, codefendants entered an inhabited dwelling with the intent to commit a felony.[2] At arraignment, defendant agreed to dates for pretrial conference and trial, and later brought a motion to dismiss the information pursuant to section 1381.5, failure to bring a federal prisoner to trial within 90 days. The trial court found a waiver and denied the motion.

Defendant then filed a motion to suppress evidence pursuant to section 1538.5, on the ground that the evidence against him was obtained during an unlawful search. Defendant relied on the recent decision in *United States v. Jones* (2012) __ U.S. __ [132 S.Ct. 945], in which the United States Supreme Court held that the attachment of a Global Positioning System (GPS) tracking device to a vehicle and the subsequent use of that device to monitor the vehicle's movements on public streets, constituted a search within the meaning of the Fourth Amendment.

At the hearing on the suppression motion, Detective Joseph Cabral of the Los Angeles County Sheriff's Department testified that defendant, Hall, and Newton were burglary suspects, and that he and other detectives had been conducting surveillance of their homes and automobiles for two days before placing GPS tracking devices on their cars. On June 30, 2011, after another week of surveillance, Detective Cabral checked the GPS monitor to confirm that Newton's SUV was parked near his home, and took up his surveillance position there. When Newton left his house and got into his SUV, Detective Cabral followed him as he drove to a carwash, where he picked up defendant, and then to Hall's residence to collect him. By then, Detective Cabral had notified other detectives who joined him in unmarked cars and an airship, as they all followed Newton's SUV to one freeway after another, and ultimately into a residential neighborhood. While on the

---

[1] All further statutory references are to the Penal Code unless indicated otherwise.

[2] Codefendants are not parties to this appeal.

2

freeway Detective Cabral lost sight of the SUV and consulted the detective in possession of the monitor in another car. The airship however, had no GPS monitor and observed the suspects visually and did not lose sight of Newton's SUV until after it stopped at a residence on Comstock Avenue. Detective Cabral lost sight of the SUV in the residential neighborhood so pulled over to the side and waited for further information.

Detective Cabral then received word from the airship that Newton's SUV had stopped at the Comstock residence and then moved out of sight as one of its occupants walked toward the house. The GPS tracker showed that the SUV was stopped nearby. Another detective drove to the Comstock address and saw defendant and Hall leaving the rear yard; defendant carried a pillow case with something inside. The detective then saw defendant and Hall enter the SUV and drive away. A check of the house revealed that a rear window had been broken and an interior room had been ransacked. The airship maintained surveillance of the SUV, and soon afterward, deputies stopped it and detained the suspects.

The trial court denied the suppression motion, citing the inevitable discovery doctrine.[3] Defendant then entered into a plea agreement in which he pled guilty to count 1 as charged in exchange for a sentence to the low term of two years in state prison. (See § 461, subd. (a).) After defendant was informed of the potential consequences of his plea and his constitutional rights, he provided verbal and written waivers and pled guilty to the charge. The trial court sentenced defendant to two years in prison, awarded 524 total days of custody credit, and ordered defendant to provide a DNA sample and pay a stipulated restitution sum of $150, as well as mandatory fines and fees.

We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate

---

[3]     See *Murray v. United States* (1988) 487 U.S. 533, 539; *People v. Robles* (2000) 23 Cal.4th 789, 800.

review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.